

RECEIVED

JUL 6 - 1998

OFFICE OF JUDGE
DAVID SAM

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GERHARD W. GOHLER, IRA, et al., On Behalf of Themselves and All Others Similarly Situated, ) ) ) ) Plaintiffs, ) ) vs. ) ) ROBERT L. WOOD, et al., ) ) Defendants. ) _____ ) | [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT |

No. 92-C-181-S

590

WHEREAS, a class action is pending before the Court entitled _Gohler, et al. v. Wood, et al._, No. 92-C-181-S (the "Class Action"); and

WHEREAS, the Settling Parties have applied to the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order approving a partial settlement of the Class Action in accordance with a Stipulation and Agreement of Partial Settlement, dated as of May 21, 1998 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed partial settlement of the Class Action and for dismissal of the Class Action with prejudice as against the Settling Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court hereby preliminarily approves the Settlement Agreement and the settlement described therein.

3. For purposes of this settlement, the "Settlement Class" is certified and shall consist of all persons, including the Representative Plaintiffs, who purchased or otherwise acquired Bonneville stock or convertible subordinated debentures during the period beginning August 15, 1986 through and including November 12, 1991, and who suffered any loss, damage or injury with regard to such purchase or other acquisition. Excluded from the Settlement

Class are:  Defendants, Former Defendants and Bonneville; members of the immediate family of any Individual Defendant or Former Defendant; any entity in which any of the Defendants, Former Defendants or Bonneville has or had a controlling interest; directors and officers of Bonneville and the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Partial Settlement of Class Action" to be sent to the Settlement Class.

4.  A hearing (the "Hearing") shall be held before the Honorable David Sam, United States District Court Judge, on August 28, 1998 at, 2:30 p.m., at the United States District Court, District of Utah, Central Division, 350 South Main Street, Salt Lake City, Utah, to determine whether the proposed partial settlement of the Class Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court and the Litigation dismissed on the merits and with prejudice as against the Settling Defendants; whether the Judgment, as provided in ¶1.11 of the Settlement Agreement should be entered herein; to determine whether the proposed Plan of Allocation of Settlement Fund should be approved and to consider Representative Plaintiffs' counsel's application for reimbursement of attorneys' fees, costs and expenses.  The Court may adjourn the Hearing without further notice to members of the Class.

5.  The Court hereby approves, as to form and content, the Notice of Pendency and Partial Settlement of Class Action (the

"Notice") and the Summary Notice for Publication (the "Summary Notice") annexed as Exhibits A-1 and A-3 hereto. The Court finds that the publication, mailing and distribution of the Notice and the Summary Notice substantially in the manner and form set forth in ¶6 of this Order meets with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6.    Plaintiffs' Settlement Counsel are hereby empowered to supervise and administer the notice procedure, as set forth below:

(a)   On or before __July 10__, 1998, Plaintiffs' Settlement Counsel shall mail or cause to be mailed copies of the Notice, substantially in the form annexed as Exhibit A-1, to all members of the Class who can be identified with reasonable effort.

(b)   On or before __July 16__, 1998, Plaintiffs' Settlement Counsel shall cause a Summary Notice, substantially in the form annexed as Exhibit A-3, to be published once in the national edition of Investor's Business Daily; and

(c)   At or prior to the Hearing provided for in ¶4 of this Order, Plaintiffs' Settlement Counsel shall serve and file with the Court proof, by affidavit or declaration, of such publication and mailing.

7.    Nominees who purchased or otherwise acquired Bonneville stock or convertible subordinated debentures during the period beginning August 15, 1986 through and including November 12, 1991, shall send the Notice to all beneficial owners of such Bonneville stock or convertible subordinated debentures within ten (10) days after receipt thereof, or send a list of the names and addresses of

- 3 -

such beneficial owners to Plaintiffs' Settlement Counsel or their agent within ten (10) days of receipt thereof, in which event Plaintiffs' Settlement Counsel or their agent shall promptly mail the Notice to such beneficial owners.

8.   Members of the Settlement Class shall be bound by all determinations and judgments in the Class Action concerning the settlement, whether favorable or unfavorable.

9.   Class Members who wish to exclude themselves from the Settlement Class must do so in accordance with the instructions contained in the "Notice of Pendency and Partial Settlement of Class Action."

10.   Members of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their choice.  If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

11.   Any Member of the Settlement Class may appear and show cause, if he has any, why the proposed settlement of the Class Action embodied in the Settlement Agreement should or should not be approved as fair, reasonable and adequate, or why the Judgment should or should not be entered thereon, or why the proposed Plan of Allocation of Settlement Fund should or should not be approved; or why attorneys' fees, costs and expenses should or should not be reimbursed to counsel for plaintiffs in the amount requested; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement or, if approved, the Judgment to be entered thereon approving the same, or the approval of the Plan of Allocation, or the award of attorneys' fees

- 4 -

and reimbursement of expenses to counsel for plaintiffs and the Settlement Class, unless on or before _August 17_ , 1998, that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position upon Keith F. Park, Blake M. Harper, Theodore J. Pintar, Milberg Weiss Bershad Hynes & Lerach LLP, 600 W. Broadway, Suite 1800, San Diego, CA 92101; Steve Berman, Hagens & Berman, 1301 Fifth Avenue, Suite 2929, Seattle, WA 98101; Robert C. Schubert, Schubert & Reed LLP, Two Embarcadero Center, Suite 1050, San Francisco, CA 94111; Thomas R. Karrenberg, Anderson & Karrenberg, 700 Bank One Tower, 50 W. Broadway, Salt Lake City, UT 84101; Dale Barnes, McCutchen, Doyle, Brown & Enersen LLP, Three Embarcadero Center, San Francisco, CA 94111-4066; Gary F. Bendinger, Giauque, Crockett, Bendinger & Peterson, 170 South Main, Suite 400, Salt Lake City, UT 84101-1664, and filed said objections, papers and briefs with the Clerk of the Court. Any member of the Settlement Class who does not make his, her or its objection in the manner provided for herein, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, or the approval of the Plan of Allocation, or to any award of attorneys' fees, costs and expenses to counsel for plaintiffs unless otherwise ordered by the Court. Class Members who wish to exclude themselves from the Class must do so in writing by _August 17_ , 1998, in accordance with the instructions contained in the "Notice of Pendency and Partial Settlement of Class Action," attached as Exhibit A-1 hereto.

12.   Upon the occurrence of the Effective Date, all Settlement Class Members, whether or not they file a Proof of Claim and Release in the form attached hereto as Exhibit A-2, shall be forever barred from asserting any Released Claims, as defined in the Settlement Agreement, against the Released Persons as defined in the Settlement Agreement, and any such Settlement Class Member shall be conclusively deemed to have released any and all such Released Claims against the Released Persons.

13.   The provisions of the Settlement Agreement with regard to the Settlement Fund and the Escrow and the rights, limitations, and obligations with respect to the Settlement Fund as specified in the Settlement Agreement are approved.

14.   All papers in support of the settlement and any application for an award of attorneys' fees and reimbursement of expenses shall be filed at least seven (7) days prior to the Hearing.

15.   At or after the Hearing, the Court shall determine whether any application for approval of the Plan of Allocation or for attorneys' fees or reimbursement of expenses shall be approved.

16.   Subject to the limitations set forth in the Settlement Agreement with regard to the payment of the costs of notice out of the Settlement Fund, all reasonable costs incurred in identifying and notifying Settlement Class Members shall be paid as set forth in the Settlement Agreement.

17.   The Court reserves the right to adjourn the date of the Hearing and any adjournment thereof without further notice to the Members of the Settlement Class, and retains jurisdiction to

consider all further applications arising out of or connected with the proposed settlement.

18. Pending final determination as to whether the settlement contained in the Settlement Agreement should be approved, plaintiffs and all Members of the Settlement Class, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Class Action, shall not commence, prosecute, or participate in (unless under legal compulsion) any action or proceeding in any court, tribunal, or administrative agency asserting any of the Released Claims against the Released Persons which have been or could have been asserted in the Class Action based upon, related to or arising from the acts and transactions alleged therein, including the Released Claims.

19. The Court accepts the filing of the Supplemental Agreement under seal. The Clerk of the Court shall maintain the Supplemental Agreement under seal absent further order of the Court after notice to the Settling Parties.


DATED: _July 6, 1998_                    _David Sam_____
                                        THE HONORABLE DAVID SAM
                                        UNITED STATES DISTRICT JUDGE


Submitted by:

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
KEITH F. PARK
BLAKE M. HARPER (#1377)
THEODORE J. PINTAR
STEVEN W. PEPICH

_____
KEITH F. PARK

- 7 -

600 West Broadway, Suite 1800
San Diego, CA  92101
Telephone:  619/231-1058

SCHUBERT & REED LLP
ROBERT C. SCHUBERT
JUDEN JUSTICE REED
Two Embarcadero Center
Suite 1050
San Francisco, CA  94111
Telephone:  415/788-4220

HAGENS & BERMAN
STEVE W. BERMAN
CLYDE A. PLATT
JEFFREY T. SPRUNG
1301 Fifth Avenue
Suite 2929
Seattle, WA  98101
Telephone:  206/623-7292

Co-Lead Counsel for Plaintiffs

ANDERSON & KARRENBERG
THOMAS R. KARRENBERG (#3726)
SCOTT A. CALL (#0544)


_____
THOMAS R. KARRENBERG

700 Bank One Tower
50 West Broadway
Salt Lake City, UT  84101
Telephone:  801/534-1700

Liaison Counsel for Plaintiffs

KAPLAN, KILSHEIMER & FOX
ROBERT N. KAPLAN
685 Third Avenue, 26th Floor
New York, NY  10017
Telephone:  212/687-1980

SHAPIRO, GRACE & HABER
EDWARD F. HABER
75 State Street
Boston, MA  02109
Telephone:  617/439-3939

LAW OFFICES OF DAVID K.
  ISOM
DAVID K. ISOM (#4773)
Sixty East South Temple
Suite 1680, Eagle Gate Tower
Salt Lake City, UT  84111
Telephone:  801/366-6000

LAW OFFICE OF JUSTINE FISCHER
JUSTINE FISCHER
400 Director Building
808 S.W. Third Avenue
Portland, OR  97204
Telephone:  503/222-4326

Attorneys for Plaintiffs

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
WILLIAM S. LERACH
KEITHF. PARK
BLAKE M. HARPER (#1377)
THEODORE J. PINTAR
STEVEN W. PEPICH
600 West Broadway, Suite 1800
San Diego, CA  92101
Telephone:  619/231-1058

SCHUBERT & REED LLP
ROBERT C. SCHUBERT
JUDEN JUSTICE REED
Two Embarcadero Center, Suite 1050
San Francisco, CA  94111
Telephone:  415/788-4220

| | |
|---|---|
| HAGENS & BERMAN<br>STEVE W. BERMAN<br>CLYDE A. PLATT<br>JEFFREY T. SPRUNG<br>1301 Fifth Avenue, Suite 2929<br>Seattle, WA  98101<br>Telephone:  206/623-7292 | ANDERSON & KARRENBERG<br>THOMAS R. KARRENBERG (#3726)<br>SCOTT A. CALL (#0544)<br>700 Bank One Tower<br>50 West Broadway<br>Salt Lake City, UT  84101<br>Telephone:  801/534-1700 |
| Co-Lead Counsel for Plaintiffs | Liaison Counsel for Plaintiffs |

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GERHARD W. GOHLER, IRA, et al.,<br>On Behalf of Themselves and All<br>Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>ROBERT L. WOOD, et al.,<br><br>                    Defendants. | ) NOTICE OF PENDENCY AND<br>) PARTIAL SETTLEMENT OF CLASS<br>) ACTION<br>)<br>) EXHIBIT A-1<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 92-C-181-S |



TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON
STOCK OR CONVERTIBLE SUBORDINATED DEBENTURES OF BONNEVILLE
PACIFIC CORPORATION ("BONNEVILLE") DURING THE PERIOD BEGINNING
AUGUST 15, 1986 THROUGH AND INCLUDING NOVEMBER 12, 1991

PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO A PROPOSED PARTIAL SETTLEMENT
OF THIS CLASS ACTION LITIGATION
AND IF YOU ARE A CLASS MEMBER IT CONTAINS IMPORTANT INFORMATION
AS TO YOUR RIGHTS TO OBTAIN A SHARE OF THE
SETTLEMENT FUND FURTHER DESCRIBED BELOW

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal
Rules of Civil Procedure and an Order of the United States District
Court District of Utah, Central Division (the "Court"), that a
Partial Settlement (the "Settlement"), in the amount of One Million
Eight Hundred Thousand Dollars ($1,800,000) of the above-captioned
litigation (the "Litigation") has been reached by certain of the
parties, which Settlement is subject to approval by the Court, and
which, if approved, will result in (a) the creation of the
Settlement Fund which shall be disbursed as set forth below; and
(b) the dismissal of the Litigation with prejudice as against the
Settling Defendants and the release of the Released Claims (as
defined below).

This Notice is not intended to be, and should not be construed
as, an expression of any opinion by the Court with respect to the
truth of the allegations in the Litigation or the merits of the
claims or defenses asserted.  This Notice is merely to advise you
of the pendency of this Litigation, the proposed partial settlement
of the Litigation and of your rights thereunder.

I.   DEFINITIONS

1.   "Bonneville" means Bonneville Pacific Corporation, and all of its predecessors, successors, parents, subsidiaries, divisions and related or affiliated entities.

2.   "Settlement Class" or "Class" mean all persons, including the Representative Plaintiffs, who purchased or otherwise acquired Bonneville stock or convertible subordinated debentures during the period beginning August 15, 1986 through and including November 12, 1991, and who suffered any loss, damage or injury with regard to such purchase or other acquisition.  Excluded from the Settlement Class are:  Defendants, Former Defendants and Bonneville; members of the immediate family of any Individual Defendant or Former Defendant; any entity in which any of the Defendants, Former Defendants or Bonneville has or had a controlling interest; directors and officers of Bonneville and the legal representatives, heirs, successors, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to this "Notice of Pendency and Partial Settlement of Class Action" ("Notice").

3.   "Settling Defendants" means Mayer Brown & Platt; Robert A. Helman; and Harvey Nixon.


II.   THE SETTLEMENT CLASS

By Order dated July 6         , 1998, the Court certified a Settlement Class, for the purpose of the Settlement only, and directed this Notice be given to members of the Settlement Class.

- 2 -

III. <u>THE RIGHTS OF SETTLEMENT CLASS MEMBERS</u>

If you are a member of the Settlement Class, you may receive the benefit of and you will be bound by the terms of the proposed settlement described in Section IV of this Notice, upon approval of the Court.

If you are a member of the Settlement Class, you have the following options:

1. TO REMAIN A MEMBER OF THE SETTLEMENT CLASS AND TO SHARE IN THE PROCEEDS OF THE SETTLEMENT, YOU NEED DO NOTHING [OTHER THAN COMPLETE AND SUBMIT THE PROOF OF CLAIM AND RELEASE FORM WHICH ACCOMPANIES THIS NOTICE. THE PROOF OF CLAIM AND RELEASE MUST BE POSTMARKED ON OR BEFORE October 12, 1998 AND DELIVERED TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS BELOW.

2. If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed partial settlement described in this Notice, you may request to be excluded. To do so, you must so state in writing postmarked and mailed no later than August 17, 1998. You must set forth the name of this Litigation (<u>Gohler, et al. v. Wood, et al.</u>, No. 92-C-181-S), your name, address and telephone number, and the name and address of the record owner if different from your own. You must also set forth the number of Bonneville securities purchased and sold during the Settlement Class Period and the dates and prices of such purchase(s) and sale(s). The exclusion request should be addressed as follows:

<u>Bonneville Securities Litigation</u>
c/o Gilardi & Co.
P.O. Box 5100
Larkspur, California 94977-5100

- 3 -

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you validly request exclusion from the Settlement Class, (a) you will be excluded from the Settlement Class, (b) <u>you will not share in the proceeds of the partial settlement</u> described herein, (c) you will not be bound by any judgment entered in the Litigation, and (d) you will not be precluded, by reason of your decision to request exclusion from the Settlement Class, from otherwise prosecuting an individual claim, if timely, against the Settling Defendants based on the matters complained of in the Litigation.

3. If you do not request to be excluded from the Settlement Class, whether or not you submit a Proof of Claim and Release, you will be bound by any and all determinations or judgments in the Litigation in connection with the Settlement entered into and approved by the Court, whether favorable or unfavorable to the Settlement Class; including, without limitation, the Judgment described in Section IV.10 of this Notice.

4. If you do not request to be excluded from the Settlement Class, you may object in the manner set forth below to the Settlement, the Plan of Allocation of the Settlement Fund, and/or the application of Representative Plaintiffs' counsel for attorneys' fees and reimbursement of expenses from the Settlement Fund. The filing of a Proof of Claim and Release by a Settlement Class Member does not preclude a Settlement Class Member from objecting to the Settlement. However, if your objection is rejected you will be bound by the Settlement and the Judgment just as if you had not objected.

- 4 -

5.   If you do not request to be excluded but do not fill out and submit the Proof of Claim and Release form accompanying this Notice, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court.

If you are a member of the Settlement Class, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense.   If you do not do so, you will be represented by Plaintiffs' Settlement Counsel:   Milberg Weiss Bershad Hynes & Lerach LLP, Keith F. Park, Blake M. Harper, Theodore J. Pintar, 600 West Broadway, Suite 1800, San Diego, California 92101-5050; Hagens & Berman, Steve Berman, 1301 Fifth Avenue, Suite 2929, Seattle, Washington, 98101; Schubert & Reed LLP, Robert C. Schubert, Two Embarcadero Center, Suite 1050, San Francisco, California 94111; and Anderson & Karrenberg, Thomas R. Karrenberg, 700 Bank One Tower, 50 West Broadway, Salt Lake City, Utah 84101.


IV.   THE PROPOSED SETTLEMENT

A Settlement has been reached in the Litigation between the plaintiffs and the Settling Defendants, which is embodied in a Stipulation and Agreement of Partial Settlement (the "Settlement Agreement") dated as of May 21, 1998, which is on file with the Court.   This Settlement Agreement will be submitted for Court approval.   The following description of the proposed partial settlement of the Litigation is only a summary and reference is made to the text of the Settlement Agreement, on file with the Court, for a full statement of its provisions:

- 5 -

1.    A settlement fund (the "Settlement Fund") has been placed into escrow by or on behalf of the Settling Defendants consisting of One Million Eight Hundred Thousand Dollars ($1,800,000).  The Settlement Fund has earned and will continue to earn interest until the funds are distributed.

This Settlement Fund will be added to the funds listed below obtained in previous settlements (the "Previous Settlements") and distributed pursuant to the Plan of Allocation described below.

| SETTLEMENT | AMOUNT |
| --- | --- |
| Portland General | $ 2.5 million |
| Bonneville Individuals | $ 2.9 million |
| Underwriters | $ 9.5 million |
| Accountants | $10.0 million |

2.    Upon approval of the Settlement Agreement by the Court without change or modification and entry of the Judgment that becomes Final and upon satisfaction of other conditions to the partial settlement, described below, the applicable portions of the Settlement Fund will be distributed under the Court's direction, supervision and order, including distribution to Authorized Claimants pursuant to the Plan of Allocation described below, for reimbursement of attorneys' fees and costs and expenses incurred or to be incurred by the Representative Plaintiffs' counsel in connection with the Litigation.  The Net Settlement Fund shall be maintained by the Escrow Agent for the benefit of the Settlement Class, as provided in the Settlement Agreement.

3.    To participate in the Settlement, you are required to submit a valid Proof of Claim and Release in the form accompanying this Notice.  Unless otherwise ordered by the Court, any Settlement Class Member who fails to submit a Proof of Claim and Release by

October 12 , 1998, shall be forever barred from receiving any payments pursuant to the Settlement Agreement, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the release provided for therein, and the final Judgment entered by the Court.

4.     The Net Settlement Fund (as well as funds obtained from the Previous Settlements) will be distributed to Settlement Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under this Plan of Allocation.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Settlement Fund only if you have a net loss on all transactions in Bonneville common stock or debentures during the Settlement Class Period.

5.     To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment o fthe total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

6.     The total of all profits shall be subtracted from the total of all losses to determine if a Settlement Class Member has a claim.  In addition, any amounts received from a claim filed in the Bonneville bankruptcy proceedings (In re Bonneville Pacific Corporation, debtor, Bankruptcy No. 91A-27701 (D. Utah)) with respect to Bonneville common stock or debentures shall be offset

- 7 -

against a claim made in this litigation.  Only if a Settlement Class Member had a net loss, after profits from all transactions in Bonneville common stock or debentures during the Settlement Class Period and amounts received from the Bonneville bankruptcy proceedings are subtracted from the total of losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

A claim will be calculated as follows:

### COMMON STOCK

For shares of Bonneville common stock that were <u>purchased on August 15, 1986 through November 12, 1991, and</u>

> 1.   sold prior to November 13, 1991, the claim per share is the purchae price less the sales price;
>
> 2.   retained at the end of November 12, 1991, the claim is equal to the purchase price.

### DEBENTURES

For shares of Bonneville Debentures that were purchased on August 18, 1989 (including the offering) through November 12, 1991, and

> 1.   sold prior to November 13, 1991, the claim per debenture is the purchase price less the sales price;
>
> 2.   retained at the end of November 12, 1991, the claim is equal to the purchase price.

7.   The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.  The determination of the price paid per share and the price received

per share, shall be exclusive of all commissions, taxes, fees and charges.

8.   For Settlement Class Members who made multiple purchases or multiple sales during the Settlement Class Period, the earliest subsequent sale shall be matched with the earliest purchase and chronologically thereafter for purposes of the Claim calculations.

9.   The Court has reserved jurisdiction to allow, disallow or adjust the Claim of any Settlement Class Member on equitable grounds.

10.  If the proposed settlement is approved by the Court, the Court will enter a judgment or judgments (the "Judgment") which will:

(a)  Dismiss the Litigation as against the Settling Defendants with prejudice and without costs;

(b)  Adjudge that the plaintiffs and each Settlement Class Member, whether or not they file a Proof of Claim and Release, except those who both timely and validly request exclusion in accordance with the procedures detailed herein, have released and shall be deemed conclusively to have released the Released Claims (described below) against the Settling Defendants and each and all of their Related Parties (described below). Notwithstanding that the plaintiffs or any Settlement Class Member may hereafter discover facts in addition to or different from those which the plaintiffs and Settlement Class Members now know or believe to be true with respect to the Litigation and Released Claims or to the subject matter of the release, the plaintiffs and each Settlement Class Member shall be deemed, upon the Effective Date, to fully, finally and forever settle and release any and all

- 9 -

Released Claims as against the Settling Defendants, and each and all of their Related Parties; and

(c) Bar and permanently enjoin the plaintiffs and each Settlement Class Member from prosecuting any Released Claims against the Settling Defendants and each and all of their Related Parties.

11. As used above, "Released Claims" means and includes (a) any and all claims, including Unknown Claims (as defined below), or causes of action that have been asserted by the Representative Plaintiffs or the Settlement Class Members, or any of them, against the Settling Defendants and/or their Related Parties, or any of them in the Litigation, and (b) any and all claims, including Unknown Claims (as defined below), or causes of action that could have been asserted by the Representative Plaintiffs or the Settlement Class Members, or any of them, against the Settling Defendants and/or their Related Parties, or any of them, based upon or related to both the purchase or other acquisition of Bonneville stock or convertible subordinated debentures by the Representative Plaintiffs or Settlement Class Members during the Settlement Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were alleged or could have been alleged in the Litigation relating in any way to the facts, transactions, events, occurrences, acts, disclosures, statements, omissions and failures to act which were so alleged.

12. "Related Parties" as used in the definition of Released Claims above, means each of a Person's past or present directors, officers, employees, partners, principals, members, owners,

managers, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, consultants, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, associates, related or affiliated entities, any entity in which a Person has a controlling interest, any members of their immediate families, or any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his family. Related Parties also does not include securities brokers and dealers.

13. "Unknown Claims," as used in the definition of Released Claims above, means any Released Claim which the Representative Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to the Settlement. The Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs and each of the Settlement Class Members shall automatically release any and all of the Released Claims and shall be deemed to have, and by operation of the Judgment shall have, released the Released Claims and expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of §1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Representative Plaintiffs and each of the Settlement Class Members, upon the Effective Date, shall have and shall be deemed to have, by operation of the Judgment, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. The Representative Plaintiffs and each of the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Representative Plaintiffs and Settlement Class Members each acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

V.   NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired the securities of Bonneville for the beneficial interest of other persons on any day beginning August 15, 1986 through and including November 12, 1991, are requested within ten (10) days of receipt of the Notice, (1) if they have not already done so, to provide Representative Plaintiffs' counsel with the names and addresses of such beneficial owners, or (2) to forward copies of this Notice to each such beneficial purchaser and provide Representative Plaintiffs' counsel with written confirmation that the Notice has been so forwarded. Representative Plaintiffs' counsel offer to repay your reasonable expenses of complying with this request upon submission of appropriate documentation. Additional copies of the Notice may be obtained from Representative Plaintiffs' counsel for forwarding to such beneficial owners. All such correspondence to Representative Plaintiffs' counsel should be addressed as follows:

> Bonneville Securities Litigation
> c/o Gilardi & Co.
> P.O. Box 5100
> Larkspur, California  94977-5100

VI.   REQUEST FOR FEES, COSTS AND EXPENSES

The law firms representing the plaintiffs will apply to the Court, at or after the conclusion of the Hearing described below, for an award of attorneys' fees of up to one-third of the Settlement Fund and reimbursement of costs and expenses incurred in connection with the Litigation plus interest thereon. Such sums as may be granted by the Court will be paid from the Settlement Fund.

Representative Plaintiffs' counsel have also reserved the right, after the Judgment of the Court approving the Settlement Agreement with the Settling Defendants becomes Final, to make additional applications for attorneys' fees and expenses incurred or to be incurred in the prosecution of the Litigation.

VII. <u>THE FINAL APPROVAL HEARING</u>

A Settlement Hearing will be held before the Honorable David Sam, United States District Court Judge, United States District Court, District of Utah, Central Division, 350 South Main Street, Salt Lake City, Utah, at 2:30 p.m., on August 28, 1998, for the purpose of determining whether the Settlement Agreement and the proposed partial settlement is fair, reasonable and adequate and whether the Settlement Agreement should be approved by the Court and the Litigation dismissed on the merits and with prejudice as against the Settling Defendants, and the Judgment entered, as provided above; to approve the Plan of Allocation of Settlement Fund(s); and to consider Representative Plaintiffs' counsel's application for attorneys' fees and reimbursement of costs and expenses. The Hearing on the approval of the Settlement Agreement, the approval of the Plan of Allocation and on the application for attorneys' fees and reimbursement of costs and expenses may be adjourned from time to time by the Court at the Hearing or any adjourned session thereof without further notice.

Any Member of the Settlement Class who has not requested exclusion may appear at the Hearing to show cause why the proposed settlement should not be approved and the Litigation should not be dismissed on the merits with prejudice as against the Settling

- 14 -

Defendants, or the Plan of Allocation approved and/or to present any opposition to the application of Representative Plaintiffs' counsel for attorneys' fees and reimbursement of costs and expenses; provided, however, that no such person shall be heard, unless his, her or its objection or opposition is made in writing and is filed, together with copies of all other papers and briefs to be submitted by him, her or it with the Court no later than August 17 , 1998, and showing due proof of service on:

```
          MILBERG WEISS BERSHAD HYNES &
            LERACH LLP
          KEITH F. PARK
          BLAKE M. HARPER (#1377)
          THEODORE J. PINTAR
          600 West Broadway, Suite 1800
          San Diego, CA  92101

          SCHUBERT & REED LLP
          ROBERT C. SCHUBERT
          JUDEN JUSTICE REED
          Two Embarcadero Center
          Suite 1050
          San Francisco, CA  94111

          HAGENS & BERMAN
          STEVE W. BERMAN
          CLYDE A. PLATT
          JEFFREY T. SPRUNG
          1301 Fifth Avenue
          Suite 2929
          Seattle, WA  98101

          Co-Lead Counsel for Plaintiffs

          ANDERSON & KARRENBERG
          THOMAS R. KARRENBERG (#3726)
          SCOTT A. CALL (#0544)
          700 Bank One Tower
          50 West Broadway
          Salt Lake City, UT  84101

          Liaison Counsel for Plaintiffs

          MUNGER, TOLLES & OLSON
          STEVE PERRY
          355 South Grand Avenue
          35th Floor
          Los Angeles, CA  90071
```

- 15 -

Counsel for Settling Defendants

Any member of the Settlement Class who does not make his, her or its objection or opposition in the manner provided shall be deemed to have waived all objections and oppositions to the fairness, reasonableness and adequacy of the proposed partial settlement, the Plan of Allocation and to the request of Representative Plaintiffs' counsel for attorneys' fees and reimbursement of costs and expenses.

## VIII. EXAMINATION OF PAPERS AND INQUIRIES

For a more detailed statement of the matters involved in this Litigation, reference is made to the pleadings, to the Stipulation and Agreement of Partial Settlement and to other papers filed in this Litigation, which may be inspected at the Office of the Clerk of the United States District Court, District of Utah, Central Division, United States Courthouse, 350 South Main Street, Salt Lake City, Utah, during business hours of each business day.

Inquiries regarding the Litigation should be addressed as follows:

Bonneville Securities Litigation
c/o Gilardi & Co.
P. O. Box 5100
Larkspur, California 94977-5100

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S**

**OFFICE REGARDING THIS NOTICE**

DATED: July 6, 1998

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

BONNEVIL\DLM13388.a-1

- 16 -

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
KEITH F. PARK
BLAKE M. HARPER (#1377)
THEODORE J. PINTAR
STEVEN W. PEPICH
600 West Broadway, Suite 1800
San Diego, CA  92101
Telephone:  619/231-1058

SCHUBERT & REED LLP
ROBERT C. SCHUBERT
JUDEN JUSTICE REED
Two Embarcadero Center, Suite 1050
San Francisco, CA  94111
Telephone:  415/788-4220

HAGENS & BERMAN                    ANDERSON & KARRENBERG
STEVE W. BERMAN                    THOMAS R. KARRENBERG (#3726)
CLYDE A. PLATT                     SCOTT A. CALL (#0544)
JEFFREY T. SPRUNG                  700 Bank One Tower
1301 Fifth Avenue, Suite 2929      50 West Broadway
Seattle, WA  98101                 Salt Lake City, UT  84101
Telephone:  206/623-7292           Telephone:  801/534-1700

Co-Lead Counsel for Plaintiffs     Liaison Counsel for Plaintiffs


UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GERHARD W. GOHLER, IRA, et al., On Behalf of Themselves and All Others Similarly Situated, ) ) ) ) | PROOF OF CLAIM AND RELEASE EXHIBIT A-2 |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| ROBERT L. WOOD, et al., ) ) | |
| Defendants. ) ) | No. 92-C-181-S |



TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED BONNEVILLE
PACIFIC CORPORATION ("BONNEVILLE") STOCK OR DEBENTURES DURING
THE PERIOD BEGINNING AUGUST 15, 1986 THROUGH AND INCLUDING
NOVEMBER 12, 1991

If you purchased or otherwise acquired Bonneville common stock
or debentures during the period described above, have not requested
exclusion from the Settlement Class and are not a Defendant in this
Litigation, or a member of the immediate family of any of the
Individual Defendants, an entity in which any of the Defendants has
or had a controlling interest, a director or officer of Bonneville,
or the legal representative, heir, successor or assign of any such
excluded person or entity, you should read the accompanying Notice
of Pendency and Partial Settlement of Class Action ("Notice") and
complete this Proof of Claim and Release form.

IN ORDER TO BE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT
DESCRIBED IN THE ACCOMPANYING NOTICE, YOU MUST MAIL YOUR
COMPLETED PROOF OF CLAIM AND RELEASE TO THE CLAIMS
ADMINISTRATOR ON OR BEFORE October 12, 1998.

<u>GENERAL INSTRUCTIONS</u>

1.   To recover as a member of the Settlement Class based on
your claims in the Bonneville class action (the "Litigation"), you
must complete and on page __ hereof, sign this Proof of Claim and
Release.  If you fail to file a properly addressed (as set forth in
paragraph 3 below) Proof of Claim and Release, your claim may be
rejected and you may be precluded from any recovery from the
Settlement Fund created in connection with the proposed settlement
of the Litigation.

2.   Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the settlement of the Litigation.

3.   YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE OCTOBER 12, 1998, ADDRESSED AS FOLLOWS:

> <u>Bonneville Securities Litigation</u>
> c/o Claims Administrator
> Gilardi & Co.
> P.O. Box 5100
> Larkspur, California 94977-5100

4.   If you are a Member of the Settlement Class and you do not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

5.   If you are <u>NOT</u> a Member of the Settlement Class as defined in the Notice DO NOT submit a Proof of Claim and Release form.

<u>CLAIMANT IDENTIFICATION</u>

1.   If you purchased Bonneville common stock or debentures and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased these securities, and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.   Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record, if different from the beneficial purchaser ("nominee") of Bonneville common

- 2 -

stock or debentures which form the basis of this claim.  THIS CLAIM
MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR
THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE
STOCK OR DEBENTURES UPON WHICH THIS CLAIM IS BASED.

3.  All joint purchasers must sign this claim.  Executors,
administrators, guardians, conservators and trustees must complete
and sign this claim on behalf of persons represented by them and
their authority must accompany this claim and their titles or
capacities must be stated.  The Social Security (or taxpayer
identification) number and telephone number of the beneficial owner
may be used in verifying the claim.  Failure to provide the
foregoing information could delay verification of your claim or
result in rejection of the claim.

4.  A claimant whose stock was held in a custodian account
under a Uniform Gift to Minors Act ("UGMA"), may file in his or her
own name, if he or she is now of age.  In this event, the former
custodian does not have to sign the Proof of Claim and Release.
Custodians under the UGMA should identify themselves as beneficial
purchasers, not nominees (e.g., John Smith, Custodian for Jack
Smith UGMA).  In this instance, use the minor's Social Security
Number.

5.  Corporate officers or partners filing for a claimant
corporation or partnership should fill in the name of the entity as
the Beneficial Purchaser(s), and sign their names and titles where
indicated on the signature page.

## CLAIM FORM

1.     Use   Part   II   of   this   form   entitled   "Schedule   of Transactions in Bonneville Common Stock or Debentures," to supply all required details of your transaction(s) in these securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.   Sign and print or type your name on each additional sheet.

2.     On the schedules provide all of the requested information with respect to all of your purchases and all of your sales of Bonneville common stock or debentures which took place at any time beginning August 15, 1986 through and including November 12, 1991 (the "Settlement Class Period"), whether such transactions resulted in a profit or a loss.   Failure to report all such transactions may result in the rejection of your claim.

3.     List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.   You must accurately provide the month, day and year of each transaction you list.

4.     The term "Purchase Price" means the amount paid for the securities (exclusive of commissions and transfer taxes) and the term "Sales Price" means the amount realized on the sale of the securities (before commissions and transfer taxes).   The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.   The date of covering a "short sale" is deemed to be the date of purchase of the security.   The date of a "short sale" is deemed to be the date of sale of the security.

5.   Broker's confirmations or other documentation of your transactions in Bonneville common stock or debentures should be attached to your claim.   Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.   Documentation submitted will not be returned to claimants.  You are, therefore, urged to make a copy for your files of the Proof of Claim and Release and all documentation that you submit with it.

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

<u>Gohler, et al. v. Wood, et al.</u>

No. 92-C-181-S

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:

_____

<u>Please Type or Print</u>

PART I:   CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)


_____

Street Address


_____    _____
City                             State              Zip Code


_____    _____
Foreign Province                 Foreign Country


_____    _____   Individual
Social Security Number or
Taxpayer Identification Number   _____   Corporation/Other


_____    _____ (work)
Area Code     Telephone Number


_____    _____ (home)
Area Code     Telephone Number


_____
Record Owner's Name (if different from beneficial owner listed
above)

- 6 -

PART II: SCHEDULE OF TRANSACTIONS IN BONNEVILLE COMMON STOCK OR DEBENTURES

A) Purchases (August 15, 1986 - November 12, 1991, inclusive) of Bonneville common stock or debentures

| Trade Date Mo/Day/Year | Type of Security C=common stock D=debenture | No. of Shares or Face Amount of Debentures Purchased | Purchase Price |
|---|---|---|---|
| 1. _____ | _____ | _____ | _____ |
| 1. _____ | _____ | _____ | _____ |
| 3. _____ | _____ | _____ | _____ |

B) Sales (August 15, 1986 - November 12, 1991, inclusive) of Bonneville common stock or debentures

| Trade Date Mo/Day/Year | Type of Security C=common stock D=debenture | No. of Shares or Face Amount of Debentures Sold | Sales Price |
|---|---|---|---|
| 1. _____ | _____ | _____ | _____ |
| 1. _____ | _____ | _____ | _____ |
| 3. _____ | _____ | _____ | _____ |

C) Number of shares of Bonneville common stock or face amount of debentures held at close of trading on November 12, 1991: _____.

### IMPORTANT NOTICE

**IF YOU FILED A CLAIM IN THE BONNEVILLE BANKRUPTCY PROCEEDINGS BASED ON YOUR BONNEVILLE COMMON STOCK OR DEBENTURES YOU MUST ATTACH A COPY OF THAT CLAIM TO THIS PROOF OF CLAIM AND RELEASE**

YOU MUST READ AND SIGN THE RELEASE ON PAGE ___.

If you require additional space, attach extra schedules in the same format as above.  Copies of broker's confirmations or other documentation evidencing your transactions in Bonneville common stock or debentures should be attached.

PART III:  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS

I (we) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I (we) also submit to the jurisdiction of the United States District Court for the District of Utah with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein and any judgment which may be entered in the Litigation. I (we) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Litigation.

I (we) agree to furnish additional information to the Claims Administrator to support this claim if required to do so.

PART IV:  RELEASE

A.  I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, discharge and release all Released Claims (including Unknown Claims) against all Released Persons.

B.  The terms used in this release are defined below:

1.  "Released Claims" shall collectively mean and include (a) any and all claims, including Unknown Claims as defined below, or causes of action that have been asserted by the Representative Plaintiffs or the Settlement Class Members, or any of them, against the Settling Defendants and/or their Related Parties, or any of them in the Litigation, and (b) any and all claims, including Unknown Claims as defined below, or causes of action that could have been asserted by the Representative Plaintiffs or the Settlement Class Members, or any of them, against the Settling Defendants and/or their Related Parties, or any of

- 8 -

them, based upon or related to both the purchase or other acquisition of Bonneville stock or convertible subordinated debentures by the Representative Plaintiffs or a Settlement Class Member during the Settlement Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were alleged or could have been alleged in the Litigation relating in any way to the facts, transactions, events, occurrences, acts, disclosures, statements, omissions and failures to act which were so alleged.

2.    "Unknown Claims" means any Released Claims which the Representative Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.   The Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs and each of the Settlement Class Members shall automatically release any and all of the Released Claims and shall be deemed to have, and by operation of the Judgment shall have, released the Released Claims and expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of §1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

- 9 -

The Representative Plaintiffs and each of the Settlement Class Members, upon the Effective Date, shall have and shall be deemed, by operation of the Judgment, to have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code.   The Representative Plaintiffs, the Settlement Class Members, or any of them, may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Representative Plaintiffs, the Settlement Class Members, and each of them, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.   Releasors acknowledge that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

3.   "Released Persons" means each and all of the Defendants, and their respective Related Parties.

4.   "Defendants" means Robert L. Wood; Raymond L. Hixson; Robert N. Pratt; L. Wynn Johnson; John T. Dunlop; Gerald C. Monson; Stephen D. Nadauld; Carl T. Peterson; David P. Hirschi; Mark E. Rinehart; Portland General Corporation; Portland General Holdings, Inc.; Richard G. Reiten; Richard E. Dyer; C.D. Hobbs; Peter J. Brix; Ken L. Harrison; Calvert Knudsen; Joseph Hirko; Piper Jaffray Inc. formerly known as Piper, Jaffray & Hopwood, Inc. and Piper Jaffray Companies Inc.; Kidder Peabody & Co.; Hanifen, Imhoff Inc.; Norwest Bank Minnesota, N.A.; Deloitte & Touche LLP (which is now known as Deloitte & Touche USA LLP) ("Deloitte); Barry Erickson; Mayer Brown & Platt; Robert A. Helman and Harvey Nixon.

C.   "Related Parties: means each of a Person's past or present directors, officers, employees, partners, principals, members, owners, managers, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, consultants, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, associates, related or affiliated entities, any entity in which a Person has a controlling interest, any members of their immediate families, or any trust of which any Settling Defendant is the settlor or which is for the benefit of any Settling Defendant and/or member(s) of his, her or its family.  Related Parties does not include the Non-Settling Defendants.  Related Parties also does not include securities brokers and dealers.

D.   This release shall be of no force or effect unless and until the Court gives final approval to the Settlement and the Effective Date occurs.

- 11 -

PART V:  <u>REPRESENTATIONS</u>

I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct and that this Proof of Claim and Release form was executed this _____ day of

_____ in _____
(month) (year)                              (City, State, Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of persons signing, e.g.,
Beneficial Purchaser, Executor or
Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A**

**SIGNIFICANT AMOUNT OF TIME**

**THANK YOU FOR YOUR PATIENCE**

- 12 -

Reminder Checklist:

1.  Please sign the above release form.

2.  Remember to attach copies of your supporting documentation, if available.

3.  Do not send originals or copies of stock certificates.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send us your new address.

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
KEITH F. PARK
BLAKE M. HARPER (#1377)
THEODORE J. PINTAR
STEVEN W. PEPICH
600 West Broadway, Suite 1800
San Diego, CA  92101
Telephone:  619/231-1058

SCHUBERT & REED LLP
ROBERT C. SCHUBERT
JUDEN JUSTICE REED
Two Embarcadero Center, Suite 1050
San Francisco, CA  94111
Telephone:  415/788-4220

HAGENS & BERMAN                 ANDERSON & KARRENBERG
STEVE W. BERMAN                 THOMAS R. KARRENBERG (#3726)
CLYDE A. PLATT                  SCOTT A. CALL (#0544)
JEFFREY T. SPRUNG               700 Bank One Tower
1301 Fifth Avenue, Suite 2929   50 West Broadway
Seattle, WA  98101              Salt Lake City, UT  84101
Telephone:  206/623-7292        Telephone:  801/534-1700

Co-Lead Counsel for Plaintiffs  Liaison Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GERHARD W. GOHLER, IRA, et al., On Behalf of Themselves and All Others Similarly Situated, | ) SUMMARY NOTICE FOR ) PUBLICATION ) ) EXHIBIT A-3 |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| ROBERT L. WOOD, et al., | ) ) ) |
| Defendants. | ) ) No. 92-C-181-S |

TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED BONNEVILLE
     PACIFIC CORPORATION ("BONNEVILLE") COMMON STOCK OR CONVERTIBLE
     SUBORDINATED DEBENTURES DURING THE PERIOD BEGINNING AUGUST 15,
     1986 THROUGH NOVEMBER 12, 1991.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court, District of Utah, Central Division, that a hearing will be held on August 28, 1998, at 2:30 p.m., before the Honorable David Sam, at the United States District Courthouse, 350 South Main, Salt Lake City, Utah, for the purpose of determining (1) whether a proposed partial settlement of the above-captioned Litigation for the cash sum of $1.8 million should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed on the merits and with prejudice as against the Settling Defendants as set forth in the Stipulation and Agreement of Partial Settlement dated as of May __, 1998, which is on file with the Court; (3) whether the proposed Plan of Allocation of Settlement Fund should be approved; and (4) the reasonableness of the application of Representative Plaintiffs' counsel for attorneys' fees and reimbursement of costs and expenses incurred in connection with the Litigation with interest thereon.

If you purchased or otherwise acquired Bonneville common stock or convertible subordinated debentures during the period beginning August 15, 1986 through and including November 12, 1991, your rights may be affected by this Litigation and the partial settlement thereof. If you have not received a detailed Notice of Pendency and Partial Settlement of Class Action, you may obtain copies by writing to Bonneville Pacific Securities Litigation, c/o Gilardi & Co., P.O. Box 5100, Larkspur, California 94977-5100. You

will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the address stated in this paragraph, postmarked by August 17 , 1998.

Plaintiffs' Settlement Counsel in this Litigation are:

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
KEITH F. PARK
BLAKE M. HARPER (#1377)
THEODORE J. PINTAR
600 West Broadway, Suite 1800
San Diego, CA  92101

ANDERSON & KARRENBERG
THOMAS R. KARRENBERG (#3726)
SCOTT A. CALL  (#0544)
700 Bank One Tower
50 West Broadway
Salt Lake City, UT  84101

Liaison Counsel for Plaintiffs

SCHUBERT & REED LLP
ROBERT C. SCHUBERT
JUDEN JUSTICE REED
Two Embarcadero Center
Suite 1050
San Francisco, CA  94111

HAGENS & BERMAN
STEVE W. BERMAN
CLYDE A. PLATT
JEFFREY T. SPRUNG
1301 Fifth Avenue
Suite 2929
Seattle, WA  98101

Co-Lead Counsel for Plaintiffs

**PLEASE DO NOT CONTACT THE COURT OR THE**

**CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: July 6 , 1998     BY ORDER OF THE COURT
                        UNITED STATES DISTRICT COURT
                        CENTRAL DIVISION OF UTAH

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.   That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested in the within action; that declarant's business address is 600 West Broadway, Suite 1800, San Diego, California  92101.

2.   That on June 30, 1998, declarant served the [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.   That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th day of June, 1998, at San Diego, California.

DANELLE L. McNERTNEY

BONNEVILLE
Service List - 05/07/98
Page   1

## COUNSEL FOR PLAINTIFF(S)

\* Thomas R. Karrenberg
ANDERSON & KARRENBERG
700 Bank One Tower
50 West Broadway
Salt Lake City, UT   84101
   801/534-1700
   801/364-7697 (fax)

\* Steve W. Berman
Clyde A. Platt
Jeffrey T. Sprung
HAGENS & BERMAN, P.S.
1301 Fifth Avenue, Suite 2929
Seattle, WA  98101
   206/623-7292
   206/623-0594 (fax)

\* Edward F. Haber
SHAPIRO HABER & URMY, LLP
75 State Street
Boston, MA   02109
   617/439-3939
   617/439-0134 (fax)

\* Robert C. Schubert
Juden Justice Reed
SCHUBERT & REED LLP
Two Embarcadero Center
Suite 1050
San Francisco, CA   94111
   415/788-4220
   415/788-0161 (fax)

## COUNSEL FOR DEFENDANTS

\* J. Michael Hansen
SUITTER AXLAND
175 South West Temple
Seventh Floor
Salt Lake City, UT   84101-1480
   801/532-7300
   801/532-7355 (fax)

Gary F. Bendinger
GIAUQUE, CROCKETT, BENDINGER &
   PETERSON
170 South Main, Suite 400
Salt Lake City, UT   84101-1664
   801/533-8383
   801/531-1486 (fax)

Dale Barnes
MCCUTCHEN, DOYLE, BROWN &
   ENERSEN LLP
Three Embarcadero Center
San Francisco, CA   94111-4066
   415/393-2000
   415/393-2286 (fax)

Allan Sullivan
VAN COTT BAGLEY CORNWALL &
   MCCARTHY
50 S. Main #1600
Salt Lake, UT   84144
   801/532-3333
   801/534-0058 (fax)

Steve Perry
\* MUNGER, TOLLES & OLSON
355 South Grand Avenue
35th Floor
Los Angeles, CA   90071-1560
   213/683-9100
   213/687-3702 (fax)

\*
   Denotes service via UPS next day air

ce

United States District Court
for the
District of Utah
July 7, 1998


\* \* MAILING CERTIFICATE OF CLERK \* \*


Re:  2:92-cv-00181


True and correct copies of the attached were mailed by the clerk to the
following:


        Robert C. Schubert, Esq.
        SCHUBERT & REED LLP
        TWO EMBARCADERO CTR STE 1050
        SAN FRANCISCO, CA  94111

        Edward F. Haber, Esq.
        SHAPIRO GRACE & HABER
        75 STATE ST
        BOSTON, MA  02019

        Mr. David K Isom, Esq.
        DAVID K. ISOM & ASSOCIATES
        60 E SOUTH TEMPLE
        1680 EAGLE GATE TOWER
        SALT LAKE CITY, UT  84111-1006
        FAX 9,3666010

        Mr. Scott A. Call, Esq.
        ANDERSON & KARRENBERG
        50 W BROADWAY STE 700
        SALT LAKE CITY, UT  84101
        FAX 9,3647697

        Mr. Thomas R Karrenberg, Esq.
        ANDERSON & KARRENBERG
        50 W BROADWAY STE 700
        SALT LAKE CITY, UT  84101
        FAX 9,3647697

        Blake M. Harper, Esq.
        MILBERG WEISS BERSHAD HYNES & LERACH
        600 W BROADWAY STE 1800
        SAN DIEGO, CA  92101
        FAX 8,619,2317423

        Theodore J. Pintar, Esq.
        MILBERG WEISS BERSHAD HYNES & LERACH
        600 W BROADWAY STE 1800
        SAN DIEGO, CA  92101

Steve W. Berman, Esq.
HAGENS & BERMAN
1301 FIFTH AVE STE 2929
SEATTLE, WA  98101

Justine Fischer, Esq.
808 SW Third Ave., #400
Portland, OR  97204

Mr. Gary F. Bendinger, Esq.
GIAUQUE CROCKETT BENDINGER & PETERSON
170 S MAIN STE 400
SALT LAKE CITY, UT  84101-1664
FAX 9,5311486

Mr. Richard W. Casey, Esq.
GIAUQUE CROCKETT BENDINGER & PETERSON
170 S MAIN STE 400
SALT LAKE CITY, UT  84101-1664
FAX 9,5311486

Barbara A. Mentz, Esq.
DELOITTE & TOUCHE
1633 BROADWAY
NEW YORK, NY  10019

Mary T. Huser, Esq.
MCCUTCHEN, DOYLE, BROWN & ENERSEN
Three Embarcadero Center
San Francisco, CA  94111

Ms. Cynthia J. Crass, Esq.
FIRST SECURITY BANK
ROOM 300
79 S MAIN STREET
SALT LAKE CITY, UT  84111
(801)246-5360

Mr. Henry E Heath, Esq.
STRONG & HANNI
9 EXCHANGE PLACE STE 600
SALT LAKE CITY, UT  84111
FAX 9,3232090

Mr. Vernon L Hopkinson, Esq.
COHNE RAPPAPORT & SEGAL
PO BOX 11008
SALT LAKE CITY, UT  84147

Mr. Rick Cecala, Esq.
2600 N CENTRAL AVE STE 850
PHOENIX, AZ  85004

Mr. J. Michael Hansen, Esq.
SUITTER AXLAND
PO BOX 45101
SALT LAKE CITY, UT  84145-1480
FAX 9,5327355

Ronald L. Olson, Esq.

MUNGER, TOLLES & OLSON
355 S GRAND AVE STE 3500
LOS ANGELES, CA  90071-1560

Stewart M. Hanson Jr., Esq.
DART ADAMSON & DONOVAN
310 S MAIN ST STE 1330
SALT LAKE CITY, UT  84101